IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELENTHEGIA BEARD-HAWKINS,

    Petitioner,

v.

                                                No. 17-cv-1058-DRH

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

**HERDON, District Judge:**

Now before the Court is petitioner Delenthegia Beard-Hawkins' ("petitioner") Motion for Leave to Amend her 28 U.S.C. § 2255 petition by Adding Ground for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. 11); Motion for Consideration of the Application of Amendment 794 (doc 12). The Court **DENIES** the motions.

Recently, on March 26, 2018, petitioner filed a similar (in parts, identical) motion for sentence reduction and application of Amendment 794 in her underlying criminal case, *USA v. Bradford, et al.,* 3:15-cr-30001-DRH-2. Crim. case doc. 332[1]. There, the Court denied the motion for lack of jurisdiction. Crim. case doc. 333. In its Order, the Court noted, without ruling on the merits of the motion to reduce sentence, that "if petitioner Hawkins wishes to pursue her

---

[1] Citations to petitioner's criminal case will be annotated, "crim. case" followed by the docket number. Citations to "doc." followed by a number, indicates a citation to the present civil section 2255 case.

1

arguments . . . *and has a good faith reason for disregarding the terms of her plea agreement*, she should file a motion seeking to supplement her section 2255 petition." *Id*. at pgs. 3-4 (emphasis added). It appears that petitioner has followed the Court's instruction that a supplement to her section 2255 petition may be the proper channel for her argument, however she has failed to follow the Court's directive to demonstrate a good faith basis for the filing.

In her motion to supplement, petitioner urges the Court to consider case law which holds that "a guilty plea by itself, does not bar a federal criminal defendant from challenging the constitutionality of his statue of conviction or district appeal or a collateral action such as a 2255." Doc. 11. While that may be true, petitioner remains suspiciously silent regarding her Plea Agreement, which contains a waiver of the right to appeal or file a collateral attack. *See* crim. case doc. 124, p. 10 ("Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Tile 28, or under any other provision of federal law[.]"). Petitioner was directed pointedly by this Court to show a good faith reason to disregard the terms of her plea agreement, and she plainly has not.

It is abundantly clear that if petitioner is trying to fashion an argument to circumvent her plea agreement (*see* crim. case doc. 124, p. 11: waiver of right to appeal or bring collateral challenges not applicable to appeals based upon Sentencing Guideline amendments made retroactive by the U.S. Sentencing

Commission), she misses the mark. In her motion, petitioner cites solely to Fourth and Sixth Circuit case law regarding Amendment 794 to U.S.S.G. 3B1.2, which took effect on November 1, 2015. Petitioner was sentenced some one year and four months after the amendment took place. *See* crim. case doc. 301. There simply is no argument to be made in good faith regarding sentence reduction under Amendment 794 that can stand in light of petitioner's waiver contained in her plea agreement. For these reasons, her motions (doc. 11; doc. 12) are **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.04.17
14:50:59 -05'00'

**United States District Judge**