# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELENTHEGIA BEARD-HAWKINS,

       Petitioner,

v.

                              No. 17-cv-1058-DRH

UNITED STATES OF AMERICA,

       Respondent.


## ORDER

**HERDON, District Judge:**

This matter is before the Court on petitioner Delenthegia Beard-Hawkins'
("petitioner") Motion to Appoint Counsel (doc. 16). The Court **DENIES** the
motion.

In her three sentence motion for appointment of counsel, petitioner simply
requests the Court appoint a public defender to review her case pursuant to
"*Session v. Dimaya* (S.CT. 2018), case # 15-1498." Doc. 16 at 1.[1] She states she
is indigent, making $18.00 per month. *Id*.

There is no constitutional right to counsel in cases brought pursuant to 28
U.S.C. § 2255. The statute provides that the Court may appoint counsel for an
indigent petitioner, and that the appointment of counsel in such a case is
governed by 18 U.S.C. § 3006A. Neither statute creates a right to counsel; rather,
they give a court broad discretion to appoint counsel for a petitioner seeking relief

---

[1] The Court notes that in its June 11, 2018 Order, petitioner was told such legal arguments were
not relevant to the issues in her case. *See* doc. 15.

on their motion attacking sentence.

Appointment of counsel for a § 2255 petitioner is governed by standards similar to those followed in civil cases. When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010), citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, petitioner does not say what steps she has taken, if any, to obtain counsel on her own. Accordingly, it does not appear that petitioner made a reasonable attempt to obtain counsel, as required by *Santiago* and *Pruitt*. Given the failure of this first step, it is unnecessary to make inquiry under step two, however, the Court notes that petitioner's pleadings and motions – of which there are many – are literate and demonstrate petitioner's ability to understand and litigate her case.

Accordingly, petitioner's motion to appoint counsel (doc. 16) is **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.07.20
15:33:09 -05'00'

**United States District Judge**

2