# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELENTHEGIA BEARD-HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17-CV-1058-SMY |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Delenthegia Beard-Hawkins moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Doc. 7). She claims her trial counsel was ineffective in failing to object to a four-level enhancement of her Guidelines base offense level for trafficking of firearms (Ground 1) and failing to object to a two-level enhancement for an altered weapon when the weapon's serial number was not altered (Ground 3). She also claims she was denied the right to counsel to prepare her testimony against a co-defendant and when she "was made to meet with the government for a significant amount of time" (Ground 2).

Additionally, Petitioner has filed the following motions now before the Court: Motion for Release of Passport (Doc. 27); Motion for Reconsideration (Doc. 28); and two Motions for Status (Docs. 29 and 30). For the following reasons, the §2255 Petition is **DENIED** and the Motions are **DENIED as MOOT.**

## Procedural and Factual Background

On June 17, 2015, Petitioner was charged by a federal grand jury in a Superseding Indictment with:

Count 3: Transfer of a Firearm and Ammunition to a Previously Convicted Felon in violation of 18 U.S.C. § 922(d)(1) and 924(a)(2).

Count 4: Unlawful User of a Controlled Substance in Possession of Firearms in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2).

(*United States v. Beard-Hawkins*, 3:15-CR-30001-SMY-2, Doc. 67). Petitioner pled guilty on December 16, 2015 pursuant to a written plea agreement (*Id*. Docs. 123 and 124, and 125). The United States Probation Office filed a Presentence Investigation Report under seal ("PSR") on March 3, 2016 (*Id*. Doc. 169). According to the PSR, the statutory sentencing range was no more than 10 years imprisonment and no more than 3 years of supervised release on each Count (*Id*.). Based on a Total Offense Level of 23 and a Criminal History Category of I, the Guidelines range was calculated as 46-57 months imprisonment and 1 to 3 years of supervised release (*Id*.).

The Plea Agreement reflected the same statutory and Guidelines ranges for imprisonment and supervised release, and the government agreed to recommend the low end of range at sentencing (*Id*. 124). The Plea Agreement also contained a limited waiver of right to appeal or collaterally attack the conviction and sentence:

> However, in exchange for the recommendations and concessions made by the Government in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any provision of federal law, except that if the sentence is imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment… Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the . . . Court . . . declared retroactive . . . and that renders Defendant actually innocent of the charges covered therein; 3) appeals based upon Sentencing Guideline Amendments that are made retroactive.

(*Id*. Doc. 124, pp. 10, 11 (emphasis in original)).

At the March 3, 2017 sentencing, the government recommended a sentence below the Guidelines range, and Petitioner argued for a below-Guidelines sentence of probation (*Id*. Doc. 312). The Court ultimately sentenced Petitioner to a term of 24 months imprisonment and 1 year of supervised release on each Count, to be served concurrently, and imposed a $200 fine (*Id*.). Judgment was entered on March 6, 2017 (*Id*. Doc. 316). Petitioner did not file a direct appeal of her conviction or sentence. The § 2255 Petition currently before the Court was filed on October 2, 2017 (Doc. 1) and was amended on November 13, 2017 (Doc. 7). Subsequent motions to amend the Petition were denied (Docs. 13 and 15). Petitioner was released from prison on or about September 17, 2018, but desires to proceed with this matter in order to have her record expunged so that she can continue with her line of work (Docs. 18, 23 and 24).

## Discussion

Relief under 28 U.S.C. § 2255 is limited to "[a] prisoner in custody." For purposes of the statute, custody refers to physical confinement and those who are on parole. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Although Petitioner has been released from custody and her term of supervised release has expired, she may still be permitted to pursue her § 2255 Petition because she was in custody at the time the Petition was filed. *See, Torzall v. United States*, 545 F.3d 517, 521 (7th Cir. 2008). Because Petitioner is subject to collateral consequences of her conviction, the Court will consider the Petition. *See, Puchner v. Kruziki*, 111 F.3d 541, 543 (7th Cir. 1997).

Section 2255 may only be employed to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at 641-642 (citing *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987).

However, an evidentiary hearing is warranted if "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)) (internal quotations omitted). This Court finds that an evidentiary hearing is not warranted in this case; the issues can be resolved on the existing record which conclusively demonstrates that Petitioner is not entitled to the relief she requests. *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Respondent correctly points out that Petitioner waived her right to raise certain challenges to her conviction and sentence by virtue of the Plea Agreement. A waiver of a Petitioner's right to collaterally attack her plea or sentence under § 2255 is enforceable "only if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement." *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). Here, Petitioner does not claim the Plea Agreement was involuntary, that the sentencing court relied on an impermissible factor, that the sentence exceeded the statutory maximum, or that Counsel was ineffective in negotiating the Plea Agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Thus, the waiver is valid and enforceable with respect to all claims within its scope.

Petitioner's claim that she was denied counsel during discussions with the government and during the preparation of her testimony against a co-defendant (Ground 2) is within the scope of the waiver. Petitioner raises a variety of other claims in her brief that are also subject to the waiver (that the sentence was excessive for a "first-time offender," that her sentence violates the Second Amendment to the United States Constitution, and that she was denied equal protection of the laws).

However, the waiver does not extend to claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Petitioner must show that Counsel's actions were objectively unreasonable and that the deficient performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner first claims Counsel was ineffective in failing to argue against the enhancement for trafficking weapons because she only bought the weapons for her own protection (Ground 1). *See U.S.S.G.* § 2K2.1. But this argument is belied by the Stipulation of Facts, the Plea Agreement, and Petitioner's statements at sentencing. In the Stipulation, Petitioner agreed that she bought the Romarm Cugir Draco pistol and left it with Bradford who modified it and that she also bought a Magnum Research Desert Eagle pistol with the intent to leave it with Bradford. (*United States v. Beard-Hawkins*, 3:15-CR-30001-SMY-2, Doc. 125). The Plea Agreement reflects her acknowledgment that she "engaged in the trafficking of firearms; thus, the Base Offense Level is increased 4 levels." Finally, during sentencing, Petitioner stated that she "did help a convicted felon to obtain multiple guns." "[A]n attorney is not ineffective for failing to raise a meritless argument." *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018). Clearly, it would have been frivolous for Counsel to argue the enhancement did not apply, in the face of Petitioner's own admissions.

Petitioner's argument that Counsel was ineffective in failing to argue against an enhancement for alteration of a weapon (Ground 3) is without merit because there was no enhancement for the alteration of a weapon. Rather, Petitioner's base offense level was enhanced by two levels because the offense involved 3 or more weapons – the two previously identified pistols and a Jennings Firearm she possessed while being a prohibited person (user of a controlled substance). *See U.S.S.G.* § 2K2.1(b)(1)(A).

Even if the Court were to find that Petitioner's counsel's actions were deficient in some manner, Petitioner has failed to show that "absent counsel's erroneous advice, [s]he would not have pled guilty but would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S 52, 59 (1985). Petitioner makes no argument that she would have insisted on going to trial; she argues only that her sentence would have been reduced to probation.

## **Conclusion**

For the foregoing reasons, Petitioner Delenthegia Beard-Hawkins' Motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 is (Doc. 7) is **DENIED**; the Motion for Release of Passport (Doc. 27), Motion for Reconsideration (Doc. 28) and Motions for Status (Docs. 29 and 30) are **DENIED as MOOT**. This case is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that her appeal will succeed, but must show "something more than the absence of frivolity" or the existence of mere "good faith" on her part. *Miller-El*, 537 U.S. at 337, 338. For the foregoing reasons, the Court has determined that Petitioner has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion

debatable or wrong. Thus, Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: March 27, 2020**

**STACI M. YANDLE**
**United States District Judge**